UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-0323(2) (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| MARQUICE SHAQUAN MORRIS, | |
| Defendant. | |

This matter is before the Court on a letter from defendant Marquice Shaquan Morris that the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]  Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent

---

[1] Morris earlier sent a letter to the Clerk of Court inquiring about the status of a motion that he claims to have filed under 28 U.S.C. § 2255 and asking legal questions about that purported motion.  The Court has no record of receiving a § 2255 motion from Morris, however, and the Court cannot give Morris legal advice concerning the deadline for bringing such a motion.

Morris also "request[s] to become a sovereign citizen."  ECF No. 180 at 2.  This is not a cognizable request, as "sovereign citizen" is not an official status but rather a term used to described individuals who subscribe to various nonsensical beliefs concerning the nature of citizenship and governmental authority, all of which beliefs lack any grounding in history, law, or logic.

Finally, Morris asks that he be referred to as "Marquice Shaquan Morris-Bey."  *Id.*  The Court would normally honor such a request, but the Court will not do so in this instance, as changing the caption after the case has been closed and judgment has been entered would create confusion.

that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Before filing such a motion, however, a defendant must first meet the exhaustion requirement of § 3582(c)(1)(A). *See id.* (permitting a defendant to move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

Nothing in Morris's letter indicates that he has satisfied the exhaustion requirement of § 3582(c)(1)(A), and his motion is denied for that reason alone. Even if he had met the exhaustion requirement, however, he has failed to identify an extraordinary and compelling reason to justify a reduction in his sentence. Morris's complaints about the conditions of his confinement—including his reference to seeking monetary damages—are more appropriately the subject of a separate civil action, which must be brought in the federal court in the district in which he is confined. Setting that aside, Morris does not identify any conditions or maltreatment particular to him, but simply refers to overall conditions at the institution in a vague and conclusory manner—conditions that presumably affect not just Morris, but his fellow inmates.

In addition, Morris has failed to show that a sentence reduction would be consistent with § 3553(a).  The Court sentenced Morris just over two years ago and gave full and individualized consideration to his history and characteristics and the nature and circumstances of his offense.  Nothing has changed in the relatively short period since his sentencing.  Morris's conviction in this case represents his third felony drug-related conviction as an adult.  He conspired to distribute an enormous amount of fentanyl while still on supervised release for a previous drug-trafficking conviction.  He has never accepted the slightest bit of responsibility for his conduct; to the contrary, he attempted to pressure and bribe his codefendant into giving false testimony exculpating him.  Despite these and other aggravating factors, the Court nevertheless granted him a substantial downward variance.  The § 3553(a) factors therefore counsel strongly against reducing his sentence still further.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for compassionate release [ECF No. 180] is DENIED.

Dated: November 12, 2025                /s/ Patrick J. Schiltz
                                                                                             Patrick J. Schiltz, Chief Judge
                                                                                             United States District Court